\*Ray et al. v. Broadway & Newburg Street Railway Co.

1. Contempt—Independent Proceeding Unnecessary.

Where there has been a violation of the order of injunction, it is not necessary to docket an independent action in contempt or proceed by an independent prosecution, to enforce the order made in the civil action. The court continues to hold and have control to enforce the order under Sec. 5581, Rev. Stat., providing that an attachment may be issued upon affidavit, etc.

2. Affidavit Need Only Show Violation of Order.

It is not necessary that the affidavit for an attachment for a violation of the order of injunction should state the pendency of the original action, the orders made, etc; all that is required, in addition to what is already upon the record, is the affidavit of the violation of the order which occurred out of the presence of the court.

3. Limit of Fine Applies Individually, not Collectively.

The assessment of the fine, under Sec. 5581, Rev. Stat., for a violation of the order of injunction, to the effect that "such party may be required by the court or judge to pay a fine not exceeding $200," is an individual matter, and where there are several defendants each must respond for himself for the wrong he has done and the limit applied to each and not to the defendants collectively.

4. Defendants not Served with Copy of Affidavit.

It is not necessary that persons accused of violating an order of injunction, and brought before the court upon attachment, should be served with a copy of the affidavit or the order which they have disobeyed. Upon being served with the injunction they were supposed to inform themselves at once of what they were enjoined from doing. And where the record discloses, that in the contempt proceeding, that the charges were read to defendants in open court, it is sufficient.

Error to the court of common pleas of Cuyahoga county.

Hale, J.

The case of Alexander Ray against the Broadway & Newburg Street Railway Company is a proceeding in error in which it is sought to reverse a judgment of the court of common pleas.

The case has been pending here for a long while, but for various reasons not reached for hearing. Whether this delay has made the

* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, 57 Ohio St., 664 [50 N. E. Rep., 1133].

Arnold Green, for plaintiff in error, in Supreme Court, cited:

Contempt—Nature of proceedings: Langton, *ex parte*, 25 Vt., 680; Myers v. State, 46 Ohio St., 473 [22 N. E. Rep., 43; 15 A. S. Rep., 638]; State v. Clements, 1 Dec. (Re.), 278.

Pleading: McConnell v. State, 46 Ind., 298; Bates' case, 65 N. H., 325; Kilgore, *ex parte*, 3 Tex. App , 247; Ireland, *ex parte*, 38 Tex., 344, 345; State v. Gilpin, 1 Del. Ch., 25; Batchelder v. Moore, Cal., 415; Whipple v. Hutchinson, 4 Blatch (U. S.), 190; Rapalje on Contempt, Sec. 94, note 5; State v. Henthorn, 26 Pac. Rep., 937 [46 Kan., 613]; Harmer, *In re*, 27 Pac. Rep., 1004, [47 Kan., 262]; Nickell *In re*, 28 Pac. Rep., 1076 [47 Kan., 734]; United States v. Alger, 62 Fed. Rep., 824; United States v. Debs, 64 Fed. Rep., 724; State v. Sweetland, 54 N. W. Rep., 415 [3 S. Dak., 503]; Wyatt v. People, 28 Pac. Rep , 961, [17 Colo., 252].

Undertaking: Diehl v. Friester, 37 Ohio St., 473.

Intent—Defense: State v. Goff, Wright, 78; State v. Coulter, Ib. 421; United States v. Dodge, 2 Gall., U. S., 313; Buck v. Buck, 60 Ill., 105; State v. Earle, 41 Ind., 464; Burke v. State, 47 Ind., 558; Haskett v. State, 51 Ind., 176; Jackson v. Smith, 5 Johns (N. Y.), 117; Thomas v. Cummings, 1 Yeates (Pa.), 1; May *In re*, 1 Fed. Rep., 737; Pittman's case, 1 Curtis (U. S ), 186; Livingston v. Lucas, 6 Ala., 147; Mur-

question less important to parties or not, I am not aware. However, it involves the validity of a certain judgment that was rendered against the plaintiffs in error, in a contempt proceeding.

An action was commenced by the railway company, the object of which was to enjoin the defendants named in that action from doing certain acts which were claimed to be in violation of the rights of the railway company. On the allegation of the petition a temporary injunction was allowed; the usual endorsement made upon the summons, and the summons served upon the defendants. Very soon thereafter an affidavit was filed in the court, charging that fourteen of the defendants named in the original action had and were violating the order of the court and disobeying the injunction that had been allowed. On that affidavit being filed, an order was made directing the arrest of the defendants. They were arrested and brought before the court. The proceedings had from that point on are claimed in several respects to be erroneous. And, following the points that are suggested by counsel:

"First. The court erred in refusing the request of Ray and others for a copy of the accusation against them when brought before the court by the sheriff under arrest."

That is, the claim is that there should have been, as in a criminal case, a copy of the affidavit served upon the plaintiffs in error, liking it to a criminal prosecution.

The record discloses that the charges made against the plaintiffs in error were read to them in open court. It was fully made known to them the charges that existed and were made against them. In connection with some other part of the case, I will further note this error. But so far as we say here, we do not think that there was any error to the prejudice of the plaintiff, upon the ground here claimed.

"Second. The court erred in refusing the request of Ray and others that the proceeding against them be docketed as an independent action, and in holding that the proceeding was a part of the action of the Broadway & Newburg Street Railway Company v. The Employees Union, Charles Narrow et al., then pending in said court."

dock's case, 2 Bland (Md.), 461; [20 Am. Dec. 381]; Matter of Moore, 63 N. C., 397; Walker, *In re*, 82 N. C., 95; Wells v. Commonwealth, 21 Gratt (W. Va.), 400; Biggs, *ex parte*, 64 N. C., 202.

Proof—Reasonable Doubt: Potter v. Lowe, 16 How. N. Y. Pr., 549; Bates' cases, 55 N. H., 325.

Judgment—Parties: Ford v. Doyle, 37 Cal., 346; Overstreet v. Davis, 24 Miss., 393; Moseley v. Cocke, 7 Leigh, 22; Armstrong v. Harrow, 1 Dev., 187; Bracey v. Salderwood. 36 La. Ann., 796; Cheek v. Pugh, 19 Ark., 574; Bank of Mobile v. Railway Co., 69 Ala., 305.

Parties: Greenleaf on Ev., Sec. 535; Atten v. Hall, 1 A. K. Marsh, 525 Schaefer v. Gates, 2 B. Mon., 453; Walters v. Wood, 5 Iowa, 290.

Section 20, Art. 4, Const.: Nelson v. Ewell, 2 Swan (Tenn.), 271 R.; Haight v. Lucia, 30 Wis., 355 R.; State v. Parhers, 16 W. Va., 664, R.; United States v. Wall, (U. S.), C. C., 144; Secs. 5639 to 5650, Rev. Stat., Nelson v. Ewell, 2 Swan., (Tenn.,) 271; Sub. 3 Sec. 5540

Staying execution: Sec. 5649, Rev. Stat., State v. Goff, Wright 78; State v. Coulter, Ib., 421; Lowe v. State, 9 Ohio St., 337; Baldwin v. State, 11 Ohio St., 681 Myers v. State, 46 Ohio St., 473 [22 N. E. Rep., 43; 15 A. S. Rep., 638];

Str. "Wallie Hamilton" v. Paschal, 9 Heisk., 203; Spence v. Simmons, 16 Ala., 829; Turner v. Dupree, 19 Ala., 189; Joseph, Admr., v. Legatees, 5 Ala., 280; Miller v. Railway Co., 7 Neb., 227; Roberts v. State, 2 Tex. App., 47; Faulk v. Kellums, 54 Ill., 188; Stark v. Billings, 15 Fla., 318; Miller v. Peters, 25 Ohio St., 270; Conn. v. Rhodes, 26 Ohio St., 644; Sec. 5331, Rev. Stat.

*Squire, Sanders & Dempsey,* for defendant in error, cited: Secs. 5781, 5641, 5581, 5577, Rev. Stat.

The proposition is, that in an injunction suit, where an order of injunction has been issued by the court, and there has been a violation of that order of injunction, that it is necessary to docket an independent action, and proceed by an independent prosecution, to enforce the order made in the civil action.

Section 5577, Rev. Stat., provides that "the order of injunction shall be addressed to the party enjoined, shall state the injunction, and shall be issued by the clerk; when the injunction is allowed at the commencement of the action, the clerk shall endorse upon the summons 'Injunction allowed,' and it shall not be necessary to issue the order of injunction."

I have always understood that to mean, that when the injunction is allowed and endorsed upon the summons, it should have the same effect precisely as if it had been made and served upon the party after the commencement of the action; and the endorsement upon the summons "injunction allowed," and summons served upon the party, he must take notice of what the petition contains. He is supposed to inform himself at once of what he is enjoined from doing. At all events, that is the plain provision of the statute.

Now, Sec. 5581, Rev. Stat., provides the mode of enforcing the order: "An injunction or restraining order granted by a judge may be enforced as the act of the court, and disobedience thereof may be punished by the court, or any judge who might have granted it in vacation, as a contempt; an attachment may be issued by the court or judge, upon being satisfied by affidavit, of the breach of the injunction or restraining order, against the party guilty of the same; and such party may be required by the court or judge to pay a fine not exceeding $200 for the use of the county, to make immediate restitution to the party injured, and to give further security to obey the injunction or restraining order, and in default thereof, he may be committed to close custody until he complies with such requirement, or is otherwise legally discharged."

Now, we suppose that the court granting the injunction, forbidding the doing of a certain act, may enforce that order in the case in which the order is made, and in the mode pointed out by the section of the statute that I have just read. Of course the court has made the order; it has gone upon the journals; the whole proceedings are before the court down to the violation of the order. The statute then provides that when it is brought to the attention of the court, by affidavit, that that order has been violated, then the party may be brought before the court and the proceedings taken pointed out by the statute. It is simply enforcing an order made by the court, of which the court has full cognizance in that particular case. We see no necessity for docketing the separate case.

"Third. The court erred in overruling the demurrer of Ray and others to the charge."

That is, upon this theory: the claim is that the affidavit should state the pendency of the original action, the orders made, and every thing necessary to show that the order violated has been made by the court—that that should go into the affidavit.

We take the view, however, that the order having been made in the case, that as part of the record of the case, being a proceeding simply to prevent the violation of that order, to enforce that order, all that was

required in addition to what was already upon the record, was the filing of the affidavit of the violation of the order which occurred out of the presence of the court, and then the court might act.

"Fourth. The court erred in refusing to discharge Ray and others on their answer to the charge."

That answer was in subs'ance a general denial. That is, having demurred to the affidavit, which was overruled, they then answered, denying the fact that they had violated the order made by the court, and asserting that they had no intention of violating any order of the court and did not propose to. The court, treating that as a denial of the allegations made in the affidavit that there had been a violation of the order, investigated, heard what both parties had to offer upon that issue as to whether the order had been violated or not; and, on the testimony, found against plaintiffs in error, as the testimony fully justified the court in holding. It is claimed as a ground on which these parties ought to have been discharged, further, that they had no notice of what the injunction was, or what they were forbidden from doing. There were fourteen of these parties that were arrested under this order; seven of them were held; seven discharged. And looking to this testimony, it very clearly appears that none were held for the violation of the previous order of injunction except those against whom it was fully established that they had knowledge, not only of the injunction that had been allowed against them, but that they had violated that order. The evidence fully establishes those two propositions as to those who were adjudged in contempt of court.

"Fifth. The court erred in the admission of evidence on the trial."

Without stopping and making this so long, I will say that we are fully satisfied that there was no error committed by the court in the admission of testimony.

"Sixth. The judgment is not supported by sufficient evidence, and the court erred in overruling the motion for a new trial."

I have already said all I desire to say upon that.

"Seventh. The court erred in refusing the application of the accused for a jury trial."

I hardly think it would be claimed, on careful reflection, that the court granting an order of injunction must empanel a jury to ascertion whether that injunction has been violated or not, before they may proceed against parties violating it. It is eminently a question for the court to investigate and determine.

"Eighth. The amounts ordered to be paid by Ray and others aggregated $1,000, and exceeded the limit fixed for a violation of an injunction provided by Section 5581, Rev. Stat."

The question there made is—there were seven that were adjudged in contempt of court. The maximum fine that could be imposed for the use of the county was $200. There were seven of them. They were in the aggregate fined $1,000. It is claimed that the aggregate could be only $200.

We think that when you come to the assessment of the fine, it was an individual matter, and each must respond for himself, for the wrong he had done, and that the limit of the $200 must apply individually, and not as a whole.

"Ninth. The state of Ohio not being a party to the proceedings the judgment rendered as to the fines imposed are invalid."

What we have already said, would answer that, that it is a proceeding in the original case to enforce the order made.

It is further said that the order as to the payment by each of the defendants of the fine is invalid, for want of definiteness and uncertainty.

We do not find any such indefiniteness and uncertainty as would cause us to set it aside.

The real merits of this contention are whether the proceedings provided by statute for the enforcement of an order of injunction, is a proceeding in the case in which the order was made over which the court continues to hold and have control to enforce that order in the manner pointed out by the statute, or whether it can only be done by an independent action.

We hold that the former is the true rule, and that there was no error in this proceeding.